Joe ROBINSON, alias Joe Robertson, Robert O. Watson, alias "Ginlax" Watson, alias "Ginlatts" Watson; John E. Burt, alias Jimmy Burt, alias Jimmy Banks, alias Ray White, alias Johnnie Burke, alias James Wheeler; Lewis Seddens, alias "Red" Edwards, Robert Williams, alias "Bud" alias "Robert," Appellants, v. UNITED STATES of America, Appellee.

No. 7451.

Circuit Court of Appeals, Sixth Circuit.

Nov. 2, 1937.

Robinson & Robinson, of Memphis, Tenn., for appellant.

Wm. McClanahan, of Memphis, Tenn., for the United States.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

PER CURIAM.

The court being of opinion that it was not error to overrule the motion to suppress evidence upon the ground that it was secured without a search warrant and by unreasonable search and seizure, in violation of the Fourth and Fifth Amendments to the Constitution, and further being of the opinion that there is no reversible error upon the record, it is therefore ordered and adjudged that the judgment of the District Court appealed from be and is in all things affirmed.

SANTA CRUZ PORTLAND CEMENT COMPANY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 8382.

Circuit Court of Appeals, Ninth Circuit.

Nov. 8, 1937.

George E. H. Goodner, of. Washington, D. C., for petitioner.

James W. Morris, Asst. Atty. Gen., for respondent.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

PER CURIAM.

Upon stipulation of counsel for respective parties, and good cause therefor appearing, ordered petition to review in above cause dismissed, that a judgment of dismissal be filed and entered accordingly, and mandate of this court issue forthwith.

George SARGENT v. UNITED STATES of America.

No. 7348.

Circuit Court of Appeals, Sixth Circuit.

Nov. 2, 1937.

Marc J. Wolpaw, of Cleveland, Ohio, for appellant.

E. B. Freed, of Cleveland, Ohio, for the United States.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

PER CURIAM.

It appearing from motion and affidavit of Marc J. Wolpaw, counsel for appellant, that said appellant, George Sargent, was granted a full and unconditional pardon by the President of the United States on July 19, 1937, and that said appellant was released from the custody of the United States marshal on July 21, 1937, on consideration whereof, it is ordered that the mandate of this court pursuant to judgment of April 6, 1937 [89 F.2d 1018], be not issued and that this cause be stricken from the docket.